## IN RE ASSESSMENT OF TAXES, GAY & ROBINSON.

### APPEAL FROM TAX APPEAL COURT, FOURTH TAXATION DIVISION.

ARGUED DEC. 11 AND 12, 1905.       DECIDED DEC. 12, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

ASSESSMENT—*enterprise for profit.*

In ascertaining the net income of property forming the basis of an enterprise for profit with a view to estimating the value of the

property as a whole, there should not be deducted a sum which the owners are obliged by a personal covenant to pay annually during the life of the grantor of a life interest as part of the purchase price of that interest. Under the statute which authorizes an assessment of property as a whole which consists of several items combined as the basis of an enterprise for profit, it is the property and not the enterprise that is assessable.

## ORAL OPINIONS.

The property consists of a stock ranch comprising the island of Niihau with an area of 46,680 acres or more, the buildings, fences, furniture, etc., thereon, 50 horses, 500 cattle, 20,000 to 25,000 sheep, and other stock; also the Niihau fishing rights. It was returned by the appellants, a partnership, as separate items of the aggregate value of $81,170, and assessed as a whole as the basis of an enterprise for profit at $150,000, which assessment was sustained by the tax court. The appellants are under a covenant to pay to the grantor of a life interest $3500 yearly for the remainder of his life, the expectancy of which was about eight years, not, however, to exceed 28 payments in all.

FREAR, C.J. As stated by counsel for the appellants three classes of evidence were introduced as bearing upon the value of this property, which was assessed as a whole as the basis of an enterprise for profit. Of these three classes, doubtless, as suggested also by counsel, that in regard to the income producing capacity of the property is the most important under the special circumstances of this case. In regard to this the principal question seems to be whether, in estimating the net income, there should be deducted the sum of $3500, which the owners of the property are obliged to pay annually as part of the purchase price, as we construe it, of a life interest in one-half of the land. In our opinion this should not be deducted. It is practically conceded that it should not be deducted if the tax were simply a tax upon the property itself or the land itself, which constitutes the bulk of the property. The argument to show that it should be deducted is based upon the fact that this entire prop-

erty is assessed, not as individual items of which it is made up, but as a whole as the basis of an enterprise for profit. That argument is unsound, as it seems to us. The right to this $3500 is not an interest in the land; it is not a lien upon the land; the obligation to pay arises under a personal covenant made by the purchasers of the life interest. The covenant does not run with the land. Under the statute which provides for the assessment of property as a whole which constitutes the basis of an enterprise for profit, it is the property and not the enterprise that is taxed. If this combined property should be sold, the purchaser would take it free of the obligation to pay the $3500 yearly, and could continue managing it in precisely the same way as the present owners manage it and derive from it the same income, including the $3500 a year. That, of course, should not be deducted in such a case. It should not any more be deducted when the property remains in the ownership of the appellants. Even if it ought to be taken into consideration in ascertaining the value of the property in so far as the amount of income shows the value, it should not be deducted from the income; it would be considered in a different way, that is, the value of the property as a whole would be considered with reference to the entire net income including the $3500, and then a deduction would be made of the present worth of $3500 a year during the expectancy of the life of the person entitled to that $3500, which, of course, would produce a very different result.

The average income, including the $3500, for the two years immediately preceding the date of the assessment would be a little over ten per cent. on $150,000, the amount for which the property was assessed. It seems to the court that this is not an excessive assessment in view of that income. The other two classes of evidence seem to bear out this result, one of them being in regard to the area of the land, which amounts to at least $46,680 acres, and the estimated value of that land per acre, and the other being the evidence in regard to sales between members of the family interested in the property.

The decision of the tax appeal court is accordingly affirmed.

HARTWELL, J. I agree with the Chief Justice and will state certain ways in which I regard valuations. The statute appears to furnish two theories of valuation, one is the salable value which, if not shown by sales, is a matter of conjecture depending upon the capacity and experience of the valuer. My impression is that the best valuers are often men who cannot give definite reasons or rules for the valuation. If I were seeking to buy property and to get assistance from one whose judgment I thought was good, I should often value the opinion of that kind of a man—his almost instinctive opinion, which may be called a guess, surmise or assumption. At the same time one might attach great value to the results reached by him.

Another theory of valuation is the productive capacity which owners have shown of the property taken as an enterprise for profit. Without speaking for the court, I do not suppose that this eliminates other theories of value. Assuming that the property has been mismanaged by owners, who have carried on the enterprise at a loss, at less profit than others might reasonably be expected to make, the actual earnings would then not be a proper basis of valuation. I think that way of valuing property as a whole, as an enterprise for profit, is intended really to increase values of each item when used together, and that if they have a greater value than has been made of the combination their actual value is considered.

*D. L. Withington* and *A. Perry* for taxpayers.

*W. S. Fleming, Deputy Attorney General,* was not called for the assessor.